UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v.                                                                              Case No.: 2:22-cv-798-SPC-NPM

HEALTHPARK MEDICAL CENTER LLC., RENE RODRIGUEZ, JAMES IVERSON, A. MIGUEL OLIVENCIA, DAVID CARTER, C.J. SCERBO, DONALD EDGE, JANE HOOP, BRIAN HORNSBY, JAMES FITZGERALD, GILBERTO FREITA, DALE RENEE, MARCIE L. LANNING, KALI and UNKNOWN WHITE MALE,

    Defendants.

_____/

## **OPINION AND ORDER**[1]

Before the Court is pro se Plaintiff William Shaw's complaint. (Doc. 1). For the following reasons, the Court dismisses Shaw's complaint without prejudice.

## BACKGROUND

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Shaw is a non-prisoner frequent filer in this Court. In fact, this is the seventh complaint the Court has seen from Shaw in the past year arising from the same set of facts.[2]

As best can be deciphered from this complaint, Shaw asserts that on January 17, 2020, while at HealthPark Medical Center in Fort Myers, Florida, he was detained by security guards when he tried to leave the hospital. Shaw states that the hospital security guards "attacked" him with "illegal demands and jestures [sic]" and "placed their hands on [him]." (Doc. 1 at 7-8). He alleges that on the same date, James Iversen (a hospital employee) "gave false statements" to a "deputy" (presumably of Lee County Sheriff's Office) about Shaw having an IV in his arm, being a drug user, and possessing illegal drugs. (Doc. 1 at 9). Shaw references the removal of the IV from his arm, which he summarily says is "a crime." (Doc. 1 at 9). Shaw does not say who removed the IV or the reason for the IV.

---

[2] *See Shaw v. Rodriguez*, 2022-CA-00142 (removed to federal court as 2:22-cv-00107-SPC-NPM, dismissed as a shotgun pleading, then remanded); *Shaw v. Torres*, 22-CA-000143 (removed to federal court as 2:22-cv-00049-SPC-NPM, then remanded); *Shaw v. Lee Cnty. Sheriff Dept.*, 22-CA-000144 (removed to federal court as 2:22-cv-000051-JLB-MRM, then remanded); *Shaw v. HealthPark Med. Ctr. LLC*, 2022-CA-000148 (removed to federal court as 2:22-cv-00106-SPC-NPM, then remanded); *Shaw v. Iverson*, 22-CA-000164 (removed to federal court as 2:22-cv-00105-JES-NPM, then dismissed as a shotgun pleading); *Shaw v. Strange*, 2:22-cv-793-SPC-NPM (dismissed as improperly seeking to reopen 2:22-cv-000051-JLB-MRM); *Shaw v. HealthPark Med. Ctr. LLC*, 2:22-cv-798-SPC-NPM (initiated in federal court, currently being discussed).

Shaw also alleges that "two security guards" stole a bag, backpack, and cane from him after he was arrested, and that the seized backpack contained valuable electronics. (Doc. 1 at 10). In a nearly unintelligible claim, Shaw also alleges that his "protected health information" was: (1) released by the Lee County Sheriff's Office in a "public report," (2) released by "nurses" and "hospital security guards" to the "general public in the hospital lobby," and (3) stolen when the "public defenders [sic] office was hacked." (Doc. 1 at 4-5).

In numbered paragraphs, Shaw alleges that the above facts give rise to these claims: (1) "HIPPA [sic] violations," (2) "§ 1320d-6 Social Security Act," (3) 42 U.S.C. § 1983, (4) 18 U.S.C. § 242, (5) "Assault and Battery," (6) "25 C.F.R. 11.404, False Imprisonment," (7) "Pergury" [sic], and (8) "Theft over $750." (Doc. 1 at 3).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal,

3

556 U.S. at 678. Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal reading may require a court to "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688, 691 (11th Cir.

4

2018). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And it is "not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) (quoting *Sanders v. United States*, No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 23, 2009)).

## DISCUSSION

This Complaint is subject to dismissal on many grounds. As explained below, Shaw's complaint is a shotgun pleading that fails to adequately state claims.

### a. Shotgun Pleading

Shotgun pleadings violate Fed. R. Civ. P. 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a

complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. When a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct [plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer*, 117 F.3d at 1263).

Shaw's complaint falls into several shotgun pleading categories. First, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. For example, Shaw makes the conclusory allegation that the removal of the IV from his arm was "a crime" without explaining who removed it or why it was in place. He also mentions his protected health information being "stolen" when a public defender's office was "hacked." No public defender's office has been named as a party to this action, and this "claim" appears to be unrelated to the incident at the hospital.

Additionally, Shaw's complaint is a shotgun pleading because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1321-23. Shaw divides his complaint into a numbered list of "complaints," but those individual "complaints" do not line up with individual causes of action. For instance, his third, fourth, fifth, and sixth paragraphs all appear to relate to his claim of "illegal detain[ment]," but comingled in those paragraphs are apparent battery claims. (Doc. 1 at 6-8). Additionally, while discussing James Iversen's "many felony lies,"

6

(presumably an alleged violation of Fla. Stat. § 837.05) Shaw mentions the removal of an IV from his arm, which he summarily avers is "a crime" (presumably battery). (Doc. 1 at 9).

And finally, Shaw commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23. Shaw's complaint names 15 defendants, but in the body of the complaint he only explicitly references two—HealthPark Medical Center and James Iversen. Throughout the complaint, Shaw refers vaguely to "hospital security guards" and "nurses," but does not say what action(s) each one of the named defendants took or what claim(s) said action(s) relate to. Defendants are then left guessing as to each Defendants' alleged misconduct for each cause of action. See *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act").[3]

---

[3] To add to the ambiguity, two of Shaw's named defendants are unknown parties—"CNA Kali" ("fullname [sic] unknown") and "unknown white male, CNA, approx. 6'2", hair orange." Claims against fictious parties are not permitted in federal court. See *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (citing *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010)) ("Our caselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed").

7

Shaw has already been advised against shotgun pleading by this Court in *Shaw v. Scerbo,* No. 2:22-cv-105-JES-NPM, 2022 WL 888921 (M.D. Fla. Mar. 25, 2022).[4] In that case, Shaw was informed by the Court that "[e]ach count must identify by name the defendant who is alleged to be liable for the conduct described in the count, and set forth plausible facts showing the liability of each named defendant." *Scerbo*, 2022 WL 888921, at *3 n.3. Shaw was directed to consult the "Proceeding Without a Lawyer" resources on the Court's website. *Id.* He was also provided detailed instructions for how to file an amended complaint and avoid shotgun pleading. *Id.*[5]

In a second case, *Shaw v. HealthPark Med. Ctr.*, No. 2:22-cv-106-SPC-MRM, 2022 WL 911577, at *1 (M.D. Fla. Mar. 29, 2022), the Court again cautioned Shaw against shotgun pleading: "Shaw brings a host of claims against Defendants without specifying who is liable for each claim. In all, Shaw sues ten Defendants. But it's anybody's guess who did what. Put simply, the Complaint is a shotgun pleading." Yet currently before this Court is another shotgun pleading arising from the same set of facts.

---

[4] *Shaw v. Scerbo* was filed on February 16, 2022. The Court's first order dismissing Shaw's claims on shotgun pleading (and other) grounds was issued on March 25, 2022. The case currently at issue, 2:22-cv-798-SPC-NPM, was filed some nine months later on December 19, 2022.

[5] "[S]ome general instructions for filing an amended complaint include: the amended complaint must (1) assert each claim in a separate numbered count; (2) clearly identify the specific defendant(s) against whom each claim is asserted; (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted; (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions; and (5) avoid incorporating prior counts into those which follow."

b. **Failure to State a Claim**

While the Court dismisses Shaw's complaint on shotgun pleading grounds, shotgun pleading is not the only tenet of civil procedure that Shaw's complaint violates. The complaint also states several claims for which there are no private causes of action, including five criminal allegations: 18 U.S.C. § 242, assault, battery, perjury, "theft over $750," and "25 C.F.R. 11.404."[6] *See generally Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971) (citing *United States v. Claflin*, 97 U.S. 546 (1878); *Helvering v. Mitchell*, 303 U.S. 391 (1938); *Lipke v. Lederer*, 259 U.S. 557 (1922)) ("[C]riminal statutes cannot be enforced by civil actions"). Criminal statutes are enforceable by governments, not individual citizens. *Id.* at 415.

Shaw additionally alleges violations of "HIPPA" [sic] and "[42 U.S.C.] § 1320d-6 Social Security Act" based on the disclosure of his protected health information. These statutes similarly do not supply private causes of action. *See Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (citing

---

[6] The Court construes these offenses to possibly be Fla. Stat. §§ 784.011 (assault), 784.03 (battery), 784.021 (aggravated assault), 787.02 (false imprisonment), 837.02 (perjury), 837.05 (false reports to law enforcement), and 812.014 (theft). Despite Shaw's specific citation to 25 C.F.R. 11.404, the Court sees no way in which Indian tribal jurisdiction would apply to this action. And although Shaw's "theft" claim could be liberally construed as a civil conversion claim, it is still deficient because Shaw brings the claim against "two security guards" without identifying them. *See Weiland*, 792 F.3d at 1323.

9

*Alexander v. Sandoval,* 532 U.S. 275, 286 (2001)); *Laster v. Careconnect Health, Inc.,* 852 F. App'x 476, 478 (11th Cir. 2021).[7]

Shaw has been warned against pleading criminal offenses as civil causes of action. He has specifically received warnings about Fla. Stat. §§ 784.011 (assault), 784.03 (battery),[8] 784.021 (aggravated assault), and 787.02 (false imprisonment).[9] *Scerbo,* 2022 WL 888921, at *4 ("The Complaint appears to allege that the security officers violated Florida criminal law under § 784.011, § 784.03, § 787.02, and § 784.021, which address crimes such as assault, battery, false imprisonment, and aggravated assault. It is a longstanding principle of American jurisprudence that a civil litigant generally cannot seek the enforcement of criminal statutes"). Shaw has also specifically been informed—three times—that there is no private cause of action under HIPAA and 42 U.S.C. § 1320d-6. *See Scerbo,* 2022 WL 888921, at *4; *Shaw v. Healthpark Medical Ctr.,* No. 2:22-cv-106-SPC-MRM, 2022 WL 911577, at *2

---

[7] Thus, on Fed. R. Civ. P. 12(b)(6) grounds alone, only one of Shaw's stated claims might survive—his 42 U.S.C. § 1983 claim. But as discussed, this claim fails on shotgun pleading grounds. From Shaw's complaint, the Court can only speculate what facts Shaw intended to underly his § 1983 claim and what defendants this claim has been brought against.

[8] Shaw was also informed that this is not a private cause of action in *Shaw v. Healthpark Medical Ctr.,* No. 2:22-cv-106-SPC-MRM, 2022 WL 911577, at *2 (M.D. Fla. Mar. 29, 2022) and *Shaw v. Rodriguez,* No. 2:22-cv-107-SPC-NPM, 2022 WL 911579, at *2 (M.D. Fla. Mar. 29, 2022).

[9] Shaw was also informed that this is not a private cause of action in *Shaw v. Healthpark Medical Ctr.,* No. 2:22-cv-106-SPC-MRM, 2022 WL 911577, at *2 (M.D. Fla. Mar. 29, 2022) and *Shaw v. Rodriguez,* No. 2:22-cv-107-SPC-NPM, 2022 WL 911579, at *2 (M.D. Fla. Mar. 29, 2022).

(M.D. Fla. Mar. 29, 2022); *Shaw v. Rodriguez,* No. 2:22-cv-107-SPC-NPM, 2022 WL 911579, at *2 (M.D. Fla. Mar. 29, 2022).

Because Shaw is pro se, the Court will give him leave to amend his complaint. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). But the Court would like to caution Shaw that continued improper filings could subject him to sanctions. *See, e.g.*, *Rolle v. Perry,* No. 4:16-cv-426-RH-GRJ, 2017 WL 2129730, at *6 (N.D. Fla. Mar. 23, 2017) (recommending that a pro se plaintiff should be subject to sanctions when he "filed essentially the same case over and over despite being informed that his claims fail for various reasons").

Accordingly, it is now

**ORDERED:**

1. Plaintiff Shaw's Complaint (Doc. 1) is **DISMISSED without prejudice**.

    a. Plaintiff may file an amended complaint on or before January 25, 2023. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

11

**DONE** and **ORDERED** in Fort Myers, Florida on January 11, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record